UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH HILL,                            :
                                           :
                    Plaintiff,             :        Case No.:
                                           :
VS.                                        :
                                           :
STARLING PHYSICIANS, MSO,                  :
LLC,                                       :
                                           :
                    Defendant.             :        August 12, 2021

                                                    Jury Trial Demanded

## COMPLAINT

Plaintiff, Elizabeth Hill, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1.      Plaintiff is a citizen of the State of Connecticut.

2.      Defendant Starling Physicians, MSO, LLC was and is a Connecticut limited liability company with a principal place of business located at 2110 Silas Deane Highway, Rocky Hill, Connecticut 06067.

3.      At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

4.      At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2020 and 2021 in an industry affecting interstate commerce. Accordingly, defendants are employers covered by the FMLA.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and

this action is brought pursuant to: the Family Medical Leave Act of 1993 (FMLA).

6.      This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7.      Defendant employed plaintiff.

8.      Defendants hired plaintiff on or about October 19, 2016.

9.      Plaintiff's job position at the time of hire was Nuclear Technician in the Cardiology Department. She was hired to run the Nuclear Cardiology Lab at 1 Lake Street, New Britain, Connecticut.

10.     At the time of hire, plaintiff's supervisor was Rosemarie Loiselle – the practice manager at defendant's New Britain office.

11.     Defendant hired plaintiff on a 90 day probationary period.

12.     Plaintiff successfully completed the 90 day probationary period.

13.     Plaintiff was qualified for the job for the Nuclear Technician job.

14.     Plaintiff's job duties and responsibilities as a Nuclear Tech were extensive and included: daily quality assurance performed on all equipment in the Nuclear Department; checking in and out all Nuclear deliveries from Cardinal Health; logging of all pertinent information into the records; preparing all paperwork for patient's scheduled for a myocardial perfusion imaging test for the day; quality assurance on a daily, weekly, monthly, and quarterly basis in the nuclear lab; maintaining a clean and uncontaminated department; patient care when running a Nuclear stress lab (confirming patient's identity and medical history, confirming all of the patient's medications, prep each patient's chest and abdomen for a ten lead EKG, starting an IV for each patient, giving the first dose of radioactive injection; being responsible for all patient

care, both radioactive injections, injection of stress agent if necessary, exercise stress test on the treadmill, two sets of images per patient and processing of all images; reporting on each patient includes the processing of the images, and typing all pertinent information into each patients report.

15.    Being the full-time Nuclear Medicine Technologist also made plaintiff responsible for applying for re-accreditation for the department.   This process took months of organizing information, typing up protocols and printing out-patient images and reports that the IAC requested.

16.    When plaintiff took a medical leave in the middle of October 2020, the accreditation had not been approved yet, and plaintiff was working from home with the IAC and the nuclear tech employee in Wethersfield to get it approved.

17.    The medical leave of absence that the plaintiff took beginning in mid-October 2020 was for a serious health condition within the meaning of the FMLA.

18.    Plaintiff's medical leave of absence was covered by the FMLA.

19.    Plaintiff was scheduled to return from the FMLA leave of absence on or about December 28, 2020.

20.    She notified defendant of her expected return.

21.    Defendant hired someone to replace plaintiff while she was out on FMLA.

22.    Defendant told plaintiff that she would not be returning to the same job she had prior to taking the leave under the FMLA.

23.    The new job that defendant told plaintiff she would be doing included duties such as authorizations and covering for another tech in defendant's Wethersfield office one day a week and vacations.   She was to do authorizations three (3) days per week.

24.    Defendant informed plaintiff that she would need to report to the authorizations department to receive training on how to do authorizations.

25.    In an email dated December 22, 2020, defendant's cardiology practice manager told plaintiff that she would be "glad to go over your **new** job functions." (emphasis added).

26.    The job that defendant told she was to do upon her return from medical leave was the same job she had before taking the leave.

27.    The job that the defendant was going to have the plaintiff do upon her return from leave was not equivalent to the job she had prior to taking the leave.

28.    FMLA's definition of substantially equivalent position is: an equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility and authority.

29.    Defendant violated plaintiff's rights under the FMLA by failing to restore the plaintiff to the same of equivalent job she had prior to taking the leave.

30.    Defendant has a human resources department staffed with human resource employees.

31.    Defendant knows what rights employees are afforded under the FMLA.

32.    Defendant knowingly violated plaintiff's FMLA rights.

### FIRST COUNT
### (FMLA Discrimination/Retaliation)

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

33.    Plaintiff invoked her right to FMLA-qualifying leave.

4

34. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for exercising her rights under the FMLA in one or more of the following ways:

(a) by failing to restore plaintiff to the job she held prior to taking the leave;

(b) by failing restore plaintiff to an equivalent job prior to taking the leave.

35. As a result of defendant's retaliation/discrimination, plaintiff suffered and sustained harms and losses including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

36. Defendant's actions have been willful.

## SECOND COUNT
**(Interference with the Exercise of Rights under the FMLA)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

37. Defendant interfered with plaintiff's rights under the FMLA in one or more of the following ways:

a. by failing to restore plaintiff to her job or an equivalent job.

38. As a result of defendant's interference, plaintiff suffered and sustained harms and losses, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

39. Defendant's interference has been willful.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal, vacation, holiday and sick days; liquidated damages; reasonable attorneys' fees; costs; interest; job restoration; prejudgment interest; post judgment interest; damages for extra taxes; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: August 12, 2021

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

6